May it please the Court, my name is Kristen Price, representing the appellant, and I'd like to again reserve two minutes for rebuttal. As a survivor of serial sexual assault, Jane Doe's need for protection far outweighs any interest the brothels might have in defending themselves in the media. Under advanced textile, the District Court abused its discretion by concluding otherwise in three ways. First, it categorically refused to consider Jane Doe's need for privacy as a sexual assault survivor. Second, it allowed the brothel's public image to determine the outcome. And third, it discounted the public's interest in seeing civil rights cases proceed on their merits. So first, with respect to Jane Doe's heightened need for privacy, she needs protection on multiple grounds. Her experiences of sexual assault, the stigma of having been prostituted in a brothel, and potential physical harm from criminal actors. Counsel, on that point, would you agree that the retaliation by defendants is not really at issue? Because even if we were to overrule the District Court and allow your client to proceed under a pseudonym, the defendants would learn what the name of the plaintiff is. That's partly correct, Your Honor, but the plaintiff didn't just allege potential harm from the defendants. I understand. I'm limiting my question to would you agree that retaliation from the defendants is not really an issue before us? Because even if we overrule the District Court, they'll know who your client is. I don't want to say that it wouldn't be an issue at all, Your Honor. I don't think you have to decide it or agree with that, but because the terms of the protective order would limit how they could use the information, I think there is a concern about retaliation by exposing her to harassment and so on. If I could, going back to the privacy issue on sexual assault, this privacy rule is routinely applied in this circuit, specifically that the plaintiff needs to preserve privacy in a matter of sensitive and highly personal information, which is separate from the retaliation basis for privacy, and the court just didn't consider it at all. She was sex trafficked. Sex trafficking itself involves a series of sexual assaults, and the rule is routinely applied in this circuit, including in the District of Nevada, to grant pseudonym status to sexual assault victims because the privacy concerns are inherent in the nature of those cases. Was it the case that the District Court didn't address it at all? I mean, I read at ER 21 that the court afforded some weight to Doe's argument about making her vulnerable to sex, I guess, and to the psychological vulnerability. Was that related to retaliation, or was it also related to the psychological harm and social stigma? It was related to both, but to the psychological harm more from the social stigma, and to her remark on the fact that she was a sexual assault victim at all in the decision. And even the court not only denied her the right to proceed under a pseudonym, but it also denied the protective order, which would have provided just certain protections from sensitive evidence about sexual abuse being made public. Failure to apply Ninth Circuit precedent by ignoring factors in a binding test is an abuse of discretion, and it was an abuse of discretion given that Jane Doe is a victim of serial sexual assault for the court below to just completely categorically ignore this factor and conclude that her need for privacy and safety only weighed mildly in her favor. Well, did the court consider it, or did the court not consider it, or did the court consider it and simply weigh it not very heavily? It didn't consider at all the fact that her need for privacy as a sexual assault victim. It considered her risk of being retaliated against, and based on finding the court decided it didn't think her fears of retaliation were reasonable, and so it said, okay, her interest in anonymity only weighs mildly in her interest on that basis. But it didn't deal with the sexual assault piece at all. Does Jane Doe face unique risks to her privacy or psychological harm that other sex trafficking victims might not? I took the tenor of the district court's analysis to be that what is being alleged is not unique to other sex trafficking victims, and therefore it's not sufficient to require a synonym status, which I'm not sure that I agree with, but let's start with this. Are there particular allegations more specific to Jane Doe as to a unique fear of psychological harm or stigma? With respect to whether her fears are unique, Judge Sanchez, when it comes to privacy on the basis of someone being a sexual assault victim, it's not necessary to show that it's unique because the courts have recognized, I believe it might have been in Doe versus Steele, basically saying that the privacy interests are inherent because of the nature of the allegation, so it doesn't have to be unique. It's retaliation, where, especially in the employment context, a plaintiff has to show more, show that they're somehow different from other employment plaintiffs. And so it doesn't matter in that sense. In another sense, because of the social stigma of having been in a brothel, she is more vulnerable and does have more unique privacy needs because of that, and the District of Nevada in Sears versus Mid Valley recognized that brothel prostitution was uniquely stigmatizing and contrasted it with other court cases in the employment context that dealt with people who were in strip clubs and said being in a brothel is a lot more stigmatizing than being in a strip club, and also you have the unique risk of sex buyers trying to track you down. And the court below said that the plaintiff's concern about sex buyers trying to track her down was conclusory, even though one had already tried and had admitted that to the court. There was a sex buyer who tried to intervene in the case at one point, and the court had his intervention before it, and he admitted that he'd been asking around one of the brothels trying to figure out who she was, and the court still said the plaintiff's fears were conclusory. Counsel, I'm going to ask your friend this question. One of the, as well, one of the things the district court said, and I quote, the public has an interest in assessing Doe's credibility. Is it your view that this is a legitimate factor for the district court to consider whether the public has an interest in assessing your client's credibility? No, this is not a valid factor under the public interest test. The district court didn't cite any authority for that. Are you aware of any? I'm not aware of any, your honor. The public right to assess the victim's credibility isn't part of how the public interest is assessed under the Doe factors, and at this stage, specifically, especially at this stage of the case. Of course, the plaintiff has recognized that at trial, her credibility will obviously be of interest to the jury, but this case is pre-discovery, no fact investigation has taken place, and Doe v. Textile makes it very clear that there is a public interest in civil rights cases proceeding on their merits, and so the court didn't really analyze that piece of the public interest at all, and essentially substituted a different factor, this public assessment of a victim's credibility. But you would agree there's a default public interest in open access to the courts and judicial proceedings? I mean, we're here today with an audience of UNLV members that are listening to our arguments, because it's important for the public to understand the nature of the cases and what we do as a judiciary. Do you think proceeding under a pseudonym somehow prevents the public from being able to learn the details of the case or the nature of what goes forward in this case? No, Your Honor. This, allowing the plaintiff to proceed under a pseudonym would not obstruct, I think, the language of Textile is the important issues in this case. Of course, the default is open proceedings, and the plaintiff litigating under a pseudonym, which is extremely common in this circuit for trafficking victims, wouldn't in any way hamper the public's ability to know about the case, learn about it, examine the issues. And the district court didn't really identify a specific way, nor did the defendants, that Jane Doe being under a pseudonym would obstruct the public's view of the case, as it was required to do under Textile. Counsel, I'm also going to ask this question to your friend. The district court said that the fact that Doe has actively sought to litigate this case in the public lends credence to the brothel defendant's concern that a protective order limiting their ability to respond in the same public arena would be prejudicial. What is the plaintiff's view of that factor? The plaintiff's view is that modest, at time of filing, public advocacy by plaintiff's counsel is not the plaintiff trying to litigate the whole case in the public eye, such that the defendants would be prejudiced. But the prejudice, the nature of, I think the court referenced a case where a plaintiff had done something like that, had also not taken care to protect her identity in so doing, and it sent out an evidence preservation with her name. I think that was Doe v. City of Las Vegas. Was there any argument like that made by defendants here that the plaintiff's name was already out there? No, the defendants didn't argue that, Your Honor. And it wasn't, the plaintiff herself didn't do any media. It was just her counsel giving a summary of the complaint, essentially. Well, wasn't there an allegation or a contention that Jane Doe was present at a press conference that counsel was giving? No, Your Honor. She wasn't present at any press conference. She didn't give any interviews. And her identity was not disclosed? Absolutely not. And we were even careful not to disclose facts from the complaint that, if highlighted, maybe could point someone to her identity. So we were particularly careful on that to not share anything that could even conceivably be revealing. Does your argument include any kind of a temporal sliding scale notion? That is, this case is at its very early stage. I don't think there's even been a 12b6 motion. Should the district court or should the district court more carefully have considered the temporal aspect? Early in the case, a plaintiff ought to be protected, anonymity protected more. Later in the case, it's going to trial. The trial is going to be public. Maybe at that point, it's time to reveal the plaintiff's identity. Is there a temporal aspect to your argument or that the district court should have considered a temporal aspect? Maybe give your client some grace early on and then later be more stringent in applying the factors? Is that an argument that you're making? Yes, Your Honor, that is an argument we're making because under textile, the district court was supposed to consider the prejudice to the defendants at that stage in the case and consider whether the proceedings could be structured to mitigate it. And the district court did, in fact, conclude that the protective order would have mitigated, would mitigate any kind of, I suppose, discovery prejudice, but still denied it because of basically saying it's going to be hard for the brothels to defend themselves in the media. So we're absolutely arguing that the court should have at least considered the stage of the case and whether the brothels would be prejudiced by Jane Doe proceeding under a pseudonym through discovery. If I could say one other thing under the abuse of discretion with respect to prejudice, Your Honors, this is actually exactly like what the court found to be an abuse of discretion in textile. And in that case, the plaintiffs weren't even willing to disclose their names under the terms of a protective order. That district court also concluded adverse publicity would prejudice the defendants without seeing how, and those defendants on appeal also failed to explain how knowing the plaintiff's names would help them counter that publicity. And so too here. This is all entirely hypothetical in the sense that the brothels haven't really attempted to defend themselves in the media and they haven't identified any negative publicity where being able to name Jane Doe would help them to respond. The district court's conclusion was also an abuse of discretion and unreasonable given what the defendants had already said they wanted to use the media for in their filings. I believe in the earliest filing they said they wanted to use the to investigate Jane Doe's credibility and motivations, which is a little bit different from we're getting all this negative publicity and we can't respond to it. They also said, the counties also said that Jane Doe forfeited any privacy rights when she, in their words, deemed to become a licensed sex worker. The court below saw this not as a red flag, but as a green light, ultimately valuing the pimp's reputation over Jane Doe's welfare. And just to highlight with respect to the public interest, the court in textiles said that a district court must evaluate what would best serve the public interest and explain that the public interest, public has an interest in seeing civil rights cases be decided on their merits. And then the district courts in the circuit have also emphasized the public interest in sexual assault victims not being deterred from coming forward. And the court didn't examine either of those under its public interest analysis. The district court's decision sets a chilling precedent for survivors of sexual abuse. In denying a sex trafficking victim, even the protections commonly afforded a business's trade secrets, Jane Doe should not be forced to choose between safety for herself and accountability for her traffickers. And she asked this court to reverse. And unless there are other questions, I will reserve. Thank you. Good morning, your honors. May it please the court. My name is Courtney Sweet and I'm here on behalf of the brothel defendants. The district court did not abuse its discretion when it determined that the public interest and the prejudice to these defendants outweighed Jane Doe's claims need for anonymity. And abuse of discretion only occurs when the appellate court is convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances. The district court here correctly determined that the public interest and knowing the individual behind the latest in a series of lawsuits that are attacking the legal with the presumption of public access to the courts and that parties will litigate under their own names and the prejudice to the brothel defendants outweighed Jane Doe's claims need for anonymity, especially with the evidence that she presented or failed to present at the district court level. So counsel, let me start with some of my concerns with the district court's order. The district court stated the public has an interest in assessing Doe's credibility. Do you have any case that says that the public has an interest in assessing a plaintiff's credibility? Yes, your honor. Richmond newspapers, that is something that specifically if you look at Justice Brennan's concurrence, public trials aid in accurate fact finding and Justice Brennan in that concurrence also discussing the information leading up to If I may quote from this concurrence, publicizing trial proceedings aids accurate fact finding. Public trials come to the attention of key witnesses unknown to parties, which would be part of assessing that person's credibility. Justice Brennan also stated mistakes of fact in civil litigation may inflict costs upon others than the plaintiff and defendant. Facilitation of the trial fact finding process therefore is of concern to the public as well as to the parties. Well, counsel, I don't see what Justice Brennan said as saying anything remotely like the public has an interest in assessing Doe's credibility. Certainly the jury would have an interest or the trial judge if it's a bench trial would have a requirement to assess the plaintiff's credibility. But the idea that her name should be out there so the public reading newspapers can decide whether she's telling the truth or not, it makes no sense to me that that's a relevant factor. Certainly, Your Honor, and that's why the first quote that I read about facilitating the public in finding key witnesses, that does not occur at trial. That certainly would have to occur prior to trial. Yeah, but you'll know who the plaintiff is, right? We would, Your Honor, but that does not change what Justice Brennan stated there is stating in the public fact finding process if Jane Doe's name is not to the public. I would also draw your attention to Southern Methodist University, which specifically talked about the credibility of the individuals who are making the allegations in that particular case, and also in Wynn Resorts. So that's three cases where the public's interest in assessing the anonymous party's credibility was of a matter of public interest. I may read those cases differently than you, but thank you for your answer. When we're looking at advanced tactile, we said, and I quote, the public also has an interest in seeing this case decided on the merits. Did the district court address that specific factor in its order? Yes, the district court did address consideration of these on the merits. If you'll give me just a moment to consult my notes here. That was in, let's see, it was I believe in pages 63 and 64 of the record is where the district court considered that. And you'll recall as well that this was a motion to dismiss. There was also then a motion for protective order and a motion for reconsideration. So the district court had three, there's three sets of briefing and then two separate orders denying the motion for protective order, and then also denying the motion for reconsideration where the district court considered those factors. And the district court also considered the issue that, again, this is a part of a series of lawsuits brought by the same law firm attacking Nevada's legal brothel system. And so recognizing the context of that, that there is a public interest in knowing who is the face behind this latest in the series of lawsuits. Why is there a public interest in it? I mean, if Jane Doe proceeds under a pseudonym status, the public would understand the nature of the claims and being levied against the brothel defendants, how much they would hold up, what the defenses are. Much of what would occur without having to divulge her identity. So how is the public interest being undermined by not revealing just her identity? And that's where the district court clearly recognized that this is a series of lawsuits. And the district court referred to that several times, as you pointed out earlier with my friend. This is the latest in a series of lawsuits. But this is a different plaintiff, is it not? We don't know. Allegedly, it's a different plaintiff. We don't know. But why would the... Tell me why the fact that there are different lawsuits at play somehow lessens the privacy or social stigma interest, for example. Well, the privacy and social stigma, I disagree with my friend in her argument earlier. But let's just stick with the multiple lawsuits piece of it. How does that factor in? The lawsuits are substantially similar. They're almost identical. And they are all brought by the same law firm, and they make substantial allegations about the context of the legal brothel system in Nevada, which is something that's been created by our elected legislature. So they're not one-off lawsuits that exist independent of one another. They are substantially similar, each of these lawsuits that have been brought one after the other by the same law firm with purportedly different plaintiffs. We cannot confirm that. I'm having trouble understanding, with respect, counsel, that that's an answer to Judge Sanchez's question. I understand what you're saying, but I don't understand how those facts which you recited, which I'm sure are facts, has anything to do with why this plaintiff should or shouldn't be allowed to proceed under a pseudonym? Why does the fact that there were multiple prior lawsuits have anything to do with whether Jane Doe should be allowed to proceed, at least at the initial stages of the lawsuit, as Jane Doe? Your Honor, the district court there considered that as a relevant factor. But I'm asking you why. I have trouble understanding why it's a relevant factor as to whether she should be allowed to proceed with a pseudonym. So I'd like you to try to explain to me why it's relevant that there are prior lawsuits with the same lawyers, that that should mean that Jane Doe shouldn't be allowed to proceed under a pseudonym. Because she is the face of this lawsuit. And as you have heard from my friend, she has been very clear that this person has been sex trafficked, and this is all because of the legal brothel system in Nevada. She is the face of that, that she's being put forth here. With respect, counsel, I don't really understand that as an answer to my question, but I'll move to a different... Where did Judge Sanders... I was going to ask, do you agree that the district court did not address the privacy, social stigma component to this as a separate important interest, separate from retaliation? I do not agree. I believe that the record is clear that the district court did consider that factor. Tell me where... What is your sense of where the court touched on that particular factor? That was, I believe, on page 63 to 64. The district court said that they've considered other lawsuits where similarly situated plaintiffs were requesting anonymity, and that the record pointed in different directions. If that's... I didn't really see those cases as being that relevant. You had one person who frequented, I think, a brothel, and then you had other cases that the district court talks about that are about exotic dancers and potential employment-related retaliation. None of those cases related to a sex trafficking victim and the particular social stigma to that. So if those are the cases, then I would tend to agree with your friend on the other side that the court didn't address that particular interest. And, Your Honor, what I would draw your attention to is the district court did look at sex trafficking in general. The case, or I'm sorry, the statute, the TVPA, that these lawsuits were based on does not create a presumption of anonymity for the people who are bringing a civil right of action. So the Congress, when it created these laws, did create a private right of action, but it did not say that a person can be anonymous when they bring this. So that is why the district court has to perform its analysis to determine whether this particular plaintiff met the regular standard. And she did, in fact, consider that this is a sensitive and highly personal nature, but that this plaintiff did not bring anything that made her specific allegations different from any trafficking victim or anyone else who's engaged in legal. Why is that a relevant factor? If you have, for example, a group of people who suffer a great amount of harm and could suffer a great amount of harm, and say it's even all class members, a great amount of harm from the disclosure of their name, why does the fact that this harm would be suffered by 50 people diminish the harm suffered by the one person who's a plaintiff here? So there is not a rubber stamp that says if somebody says that they've been sex trafficked or that they've been a victim of sex trafficking or that they're a legal prostitute, they automatically are granted anonymous status. I agree with that, but it seemed to me the district court was saying that this is at best a risk of stigma all individuals bringing sexual exploitation claims face at page 63. And even if that's true, why is the fact that others would suffer this stigma as well mean that that's a factor that counts against this plaintiff who says she'll suffer stigma? I understand your argument that she didn't make that out well enough. That's a different point. The district court said, well, it cuts against her because everybody in her position would suffer this alleged stigma. Why is that a factor that cuts against her? That is one of the Ninth Circuit tests of you have to show particularized harm, whether it's retaliation or anything else, you have to show that your harm is different from anyone else's, whether that's through retaliation or through social stigma. I think you have to show particularized harm, but I don't think you have to show that others don't suffer harm too if their names were out there. And I understand what you're saying there, distinguishing between anyone who is out alleging sex trafficking and somebody who is showing that they would be harmed if their name becomes public. And what the district court correctly found here was that this Jane Doe did not show anything that differentiated her between anyone who was going to be making allegations of sex trafficking. What kind of allegations would you, would one, I was trying to think of this, if these allegations weren't sufficient, what would it be? Just, you know, my social stigma is particularized because I've had to go to counseling for it and I'm alleging that I am getting therapy for it. What different sets of allegations would somehow convert this case into one that would be less conclusory in your view? And that is certainly something that I have seen in other cases addressing this, saying that they've suffered ongoing mental harm, have had to seek therapy, that they've had a stigma in their community, that family members would face stigma. There certainly have been more specific allegations where parties have made those allegations and the district court considered them and determined that they met their burden to show that there was some sort of social stigma there. And I'll remind your honors that the district court, in weighing these factors, did find in favor of the plaintiff to say that she did show that she had some social stigma and that this factor did consider in her favor. So, remember that. It was a little mealy-mouthed. It afforded some weight. I'm looking at ER-62, but these are ultimately conclusory statements which apply broadly to anyone in the industry. It wasn't really clear to me what weight the judge actually did afford to this. And because there were no specific allegations of harm. But again, the district court did ultimately find that there was a favor in favor of anonymity based on the social stigma or harm there. What she ultimately decided though was that that was not outweighed by the public interest and the harm to the defendants. That's one other area I wanted to ask you about and I'm on page 65 in the carryover paragraph. We've already discussed, the district court said, the fact that DOE has actively sought to litigate this case in the public eye and as part of similar cases brought by the same attorneys. We've discussed that already. But then the district court goes on, lends credence to the brothel in the same public arena would be prejudicial. What limit would there be on the brothel defendant's ability to respond in the same public arena other than providing the name of the plaintiff? Without knowing who the plaintiff is and being able to name the plaintiff, the brothels cannot respond to the level of specificity to the allegations that have been brought against them. So her name and her context, her story is certainly relevant. Now again, we don't know who she is. But you've given an answer to my question and give me more if you have it as to what would this limit your ability to respond in the same public arena that would be prejudicial? So you've talked about you couldn't mention her name and I understand that that's obviously part of it. Is there anything else that would be prejudicial from this protective order other than not being able to mention Jane Doe's real name? The prejudicial on your ability to respond in the public? Certainly, your honor. Without knowing the specifics of this Jane Doe, but you can imagine a lot of context that may be specific to her that would undermine her claims of need for anonymity, such as her history and the working legal brothel industry, things like that, that as my friend said, may be considered something that could be fairly traceable or identifiable to her by her name and would therefore not be allowed to be discussed in the public arena. So you wouldn't be able to talk about her name and if she'd been arrested, you wouldn't be able to say this person who's suing us, look at her, she's been arrested or she's been convicted or she got a DUI last year or she flunked out of high school. You wouldn't be able to say those things. Certainly not. I don't mean in that context, your honor. I mean, if she's been working in the legal brothel industry for decades without incident or if there is context in these allegations, again, might the brothel defendant strongly, strongly dispute the factual allegations that she has made. So if we can address, you know, whether she was in fact present during any of the actions that were alleged or if she... In public. In public or at the brothels themselves. No, no, I mean, you wouldn't be able to allege them in public because once you find out who she is, you'll certainly be able to allege them in the lawsuit. Exactly. And when we're talking about defending ourselves in the public, I'm not talking about she dropped out of high school. I'm talking about there are extremely explicit allegations that have been made in the public against the brothel defendants and we have not been able to respond to those. And again, if the protective order sought by counsel would prevent us from not just the name, but any identifying information, as my friend described earlier, that could be traceable back to identifying her, that would certainly limit our ability to respond in the public. Let me ask a related question to this topic. Is there a right to prosecute a case in public, in trial? Well, there is a bedrock principle that these are public proceedings and so the press freedom is obviously something that is a big part of that as well. But we're not talking about press freedom. We're saying just, you know, is there a right for people to, because then why would we allow gag orders to be imposed on counsel on both sides in particular cases? And those are something that's only limited or allowed in limited circumstances. There is always a presumption of openness, a presumption of transparency. Within a Jewish proceeding, but we're talking about outside and whether the brothels would want to say additional details that they can't otherwise say because of the protective order. Do they have a right, some sort of traceable right, to be able to prosecute their case in public? I wouldn't say prosecute their case, but certainly to defend themselves. That is certainly something to be able to speak in public, to defend themselves against allegations that have been made in public. And I would draw your attention to footnote two of our reply brief here, I'm sorry, our briefing. The website that is labeled End Slavery in Nevada, I don't recall. That's okay, I'll find it. It's footnote two, I believe it's page four. Got it, thank you. Yes, and it draws your attention to a website that exists right now, End Slavery in Nevada, that links to the complaint that was filed in this case. So my friend said that there's nothing that's been publicized that would draw attention to the specific facts in this case, but there is. There is a loss or a website by the plaintiffs in this case that says End Slavery in Nevada and links to these allegations. I may have misunderstood your friend, but I thought she was saying there was nothing in public about who the plaintiff is, but she'll have time to address this in rebuttal, and I may have misheard her. And I may have misunderstood, but my understanding was that she said there's nothing about the allegations in the complaint that are traceable to her that have been made public, and that is not correct. What about the temporal aspect that I asked your friend? That is, should a district court, should this district court have considered the life of the case, the point that we are in the case right now very early on, and have considered that the various elements can change in terms of their severity or absence of severity over time? Certainly, and the district court did consider that, but finding that the immediate harm to the brothel defendants was the public nature of this case that already existed, she found that the protective order that had been proposed would not be effective to do that, and that also that the plaintiff had proposed a mutual protective order that, again, the barn door is already, that's already happened. The allegations against my clients and the brothel defendants are already out in public, so the mutual protective order that was also proposed by Jane Doe would not be effective. I see I'm almost out of time. You actually are out of time, but if you have a concluding remark, that's fine. I do, I do, thank you. I wanted to just emphasize again the balancing test the district court engaged in here is a clear error review, so whether this court would have found differently is not the standard here. The standard is did the court commit a clear error in weighing these different factors considering what was before her, and we submit that the district court did not. Thank you. Thank you. Three quick things on rebuttal, your honors. First of all, just to clarify about the plaintiff's public information, the plaintiff's counsel in the press conference the defendants mentioned did not share anything revealing about the plaintiff's identity and largely focused on the brothel's systemic practices. The complaint, of course, is available on plaintiff's website, on the plaintiff's counsel website, but absolutely reveals nothing of the plaintiff's identity. And then secondly, with respect to the factual allegations in the complaint and the brothel's ability to defend itself, defend themselves in public, much of what the complaint alleges are the brothel's systemic practices, which were not specific to Jane Doe, although they did, of course, harm her, and if those are not their practices, then of course they can say so without using her name. And then third and finally, on the privacy interests of sexual assault victims, I just wanted to note that the plaintiff is not aware of any case that has denied a pseudonym to a sex trafficking victim in this circuit, and there are very few cases that even denied it to a sexual assault victim. One that may have been mentioned in the decision below, JBF versus RAK LLC, which is a District of Nevada case, dealt with a kind of a factually unusual situation where the plaintiff was suing her ex, and it was an abusive kind of relationship, but he had promised her all these luxury items, and some of the relief that she was seeking was for the court to force him to give her, like, the luxury automobile he had promised, and some things like that, and the court said, this is a little odd, this is putting your credibility at issue in a way that's not usually the case with sexual assault victims. And so it's a very distinguishable case that other cases have recognized as being quite unusual. And if there are no other questions from the panel, I'll submit. Did you have anything to weigh in on about that should the fact that multiple lawsuits have been filed enter into our analysis on pseudonymity? No, Your Honor. In the Williams case, the plaintiffs were actually granted, one plaintiff was suing in her real name, but the plaintiffs were all granted to proceed under the terms of a protective order for their information, and then there were two Jane Doe plaintiffs where the court granted them the pseudonym. But, I mean, it, you know, does the factor of a law firm suing multiple times, perhaps with different plaintiffs, perhaps not, does that weigh one way or the other on whether this particular Jane Doe plaintiff should proceed anonymously? No, Your Honor. It doesn't come into the factors at all. Her need for privacy is what really ought to determine the outcome because it is so severe between her being a sexual assault victim and also receiving threats from organized crime and all these very severe things. And so it shouldn't matter that there are other cases where plaintiffs might have similar interests or need for protection. All right. Thank you. We thank counsel for their arguments. The case just argued is submitted. And with that, we'll take a 10-minute recess before we get to the final two cases on the argument calendar.
judges: BENNETT, SANCHEZ, Holcomb